UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RORY M. COLEMAN,<br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON; BOSTON POLICE DEPARTMENT; MAYOR MICHELLE WU, in her official capacity; COMMISSIONER MICHAEL COX, in his official capacity; DEPUTY SUPERINTENDENT MILER, individually; CAPTAIN RICHARD OSBERG, individually; SERGEANT PAUL ZELVIS, individually; SERGEANT MARK TOBIN, individually; LIEUTENANT STEVEN CICCOLO, individually; SERGEANT DETECTIVE LEAH BAGAS, individually; NATASHA GUMBS-LEVITY, ESQ., individually; GINA EDGE-O'LEARY, individually; SHARON DOTTIN, individually; LISA O'BRIEN, individually; JOHN/JANE DOE, the individual(s) who drafted and/or approved the POST Commission submission,<br>    Defendants. | C.A. No. 1:25-cv-13993 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1331, 1441 and 1446, defendant City of Boston (the "City") files this Notice of Removal of the above-captioned case from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Middlesex County, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, the City states as follows:

**CASE BACKGROUND AND GROUNDS FOR REMOVAL**

1

1. On December 17, 2025, the Plaintiff commenced a civil action in the Middlesex Superior Court against the Defendants, styled *Rory M. Coleman v. City of Boston et al.,* Civil Action No. 2581CV03118 (the "State Court Action"). Plaintiff's complaint asserts fourteen (14) counts against fifteen (15) defendants: the City of Boston, the Boston Police Department ("BPD"), Mayor Michelle Wu (in her official capacity)[1], Commissioner Michael Cox (in his official capacity), Deputy Superintendent Miller, Captain Richard Osberg, Sergeant Paul Zelvis, Sergeant Mark Tobin, Lieutenant Steven Ciccolo, Sergeant Detective Leah Bagas, Natasha Gumbs-Levity, Esq., Gina Edge-O'Leary, Sharon Dottin, Lisa O'Brien, and John/Jane Doe.

2. Plaintiff's eleventh count asserts a federal claim against Sergeant Mark Tobin for unreasonable seizure under 42 U.S.C. § 1983.

3. Plaintiff "expressly reserves the right" to amend his Complaint add claims under 42 U.S.C. § 1983, including claims for First Amendment retaliation, Fourth Amendment violations, Equal Protection violations, and municipal liability under *Monell v. Department of Social Services,* "should Defendants remove this action to federal court, should federal venue otherwise become appropriate, or should circumstances warrant." Plaintiff states the facts of his Complaint would support such claims.[2]

---

[1] Mayor Wu was also served by Plaintiff. "[A]n action against a public official in his or her official capacity is 'only another way of pleading' an action against the public entity that the official represents." *Stratton v. Boston,* 731 F. Supp. 42, 46 (D. Mass. 1989) (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n. 55 (1978)). "Because this misleading designation has been observed at a very early stage of proceedings, […] any claim against [the City] based on the actions" of the individual defendants in their official capacity must be designated as a claim against the City. *Stratton,* 731 F. Supp. at 46.

[2] Copies of the Summons and Order of Notice to the City of Boston, Plaintiff's Complaint, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and Affidavit of Plaintiff, as received together by the City, are attached hereto as **Exhibit A**.

4. Plaintiff also asserts claims for: (Count I) sexual harassment under M.G.L. ch. 151B, § 4(1) against the City, the Boston Police Department, and Sergeant Paul Zelvis; (Count II) hostile work environment based on sexual orientation under M.G.L. ch. 151B, § 4(1) against the City, BPD, and all Individual Defendants; (Count III) retaliation under M.G.L. ch. 151B, § 4(4) against the City, BPD, and all Individual Defendants; (Count IV) failure to accommodate under M.G.L. ch. 151B, § 4(16) against the City, BPD, Natasha Gumbs-Levity, Esq., Gina Edge-O'Leary, Sharron Dottin, and Lisa O'Brien; (Count V) whistleblower retaliation under M.G.L. ch. 149, § 185 against the City and BPD; (Count VI) violation of the Massachusetts Civil Rights Act under M.G.L. ch. 12, §§ 11H, 11I against all Defendants; (Count VII) violation of the Massachusetts Declaration of Rights under Articles X and XII against the City and BPD; (Count VIII) injunctive and declaratory relief against the City, BPD, Mayor Michelle Wu and Commissioner Michael Cox in their official capacities; (Count IX) common law defamation against the City, BPD, and John/Jane Doe; (Count X) common law conversion against Sergeant Mark Tobin; (Count XII) common law assault against Sergeant Paul Zelvis; (Count XIII) common law fraud/intentional misrepresentation against Gina Edge-O'Leary, Sharon Dottin, and Lisa O'Brien; and (Count XIV) common law tortious interference with advantageous business relations against Gina Edge-O'Leary, Sharon Dottin, and Lisa O'Brien.

5. As required by 28 U.S.C. §1446(a), attached as **Exhibit A** are copies of all process, pleadings and orders served upon the City in the State Court Action.[3] The Notice of Removal is timely. Service of Plaintiff's complaint was made to the City on December 24,

---

[3] **Exhibit A** does not include the exhibits referenced by Plaintiff in his complaint as these were not served upon the City and/or are not currently in the City's possession. The City reserves the right to submit those documents to this Court as soon as the City receives them.

3

2025. This Notice of Removal was filed prior to the expiration of 30 days from the date of service. *See* 28 U.S.C. §1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

6. The State Court scheduled a hearing on the Plaintiff's Motion for a Preliminary Injunction on December 29, 2025.

7. As none of the individual defendants have been served, their consent to the removal of this action is not required by 28 U.S.C. 1446(b)(2)(A).

8. BPD is not a separate legal entity from the City and cannot be sued separately from the City.[4]

9. This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the civil action arises under Chapter 42 of the United States Code.

10. Venue is proper in this Court pursuant to 28 U.S.C.A. §1441(a) because the State Court Action is pending in Massachusetts.

11. This Notice of Removal has been served on Plaintiff. A Notice of Filing of Notice of Removal (attached as **Exhibit B**) will be filed in the Middlesex Superior Court upon filing of this Notice of Removal.

**WHEREFORE**, the City hereby removes the above-captioned case from the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts (Middlesex) and requests that further proceedings be conducted in this Court as provided by law.

---

[4] *See Henschel v. Worcester Police Dep't,* 445 F.2d 624 (1st Cir.1971) ("Nor is the Police Department a suable entity […] If a Police Department may be successfully sued […] the result is the same as suing the city").

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 28, 2025 | **CITY OF BOSTON** |

By its attorney,
Adam N. Cederbaum
Corporation Counsel

*/s/ Jason T. Sutherland, Esq.*
Nicole E. Gemba, Esq. (BBO#707216)
Jason T. Sutherland, Esq. (BBO #716666)
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall Boston, MA 02201
(617)-635-4048 (NEG)
(617)-635-4017 (JTS)
Nicole.gemba@boston.gov
Jason.sutherland@boston.gov

## CERTIFICATE OF SERVICE

I, Jason T. Sutherland, Esq., hereby certify that on December 28, 2025, a true and accurate copy of the foregoing document was served via email to the following:

Rory M. Coleman, Pro Se
P.O. Box 590236
Newton Centre, MA 02459
coleman2537@gmail.com

 */s/ Jason T. Sutherland, Esq.*
 Jason T. Sutherland, Esq.